UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-20340
_____


FIRST OVERTON CAPITAL CORPORATION,

Appellant,

versus

MIDWEST FIRST FINANCIAL, INC.,a Nebraska Corporation,
WILLIAM PRESTON, and MIDWEST FIRST FINANCIAL LIMITED
PARTNERSHIP II, a Nebraska Limited Partnership,

Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
(CA-H-94-337)
_____


May 13, 1996

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered appellant's arguments
in light of the briefs, oral argument and record of the trial court
proceedings.  Having done so, we must affirm the decision of the
district court.[1]  In particular, we agree with the district court
that the contractual relationship between First Overton and Midwest

_____

[*]      Pursuant to Local Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in Local Rule 47.5.4.

[1]      This court agrees that the district court's judgment was final and
appealable pursuant to 28 U.S.C. § 1291.

First did not give rise to a contractual covenant of good faith and fair dealing under Texas law, and no special relationship or fiduciary relationship existed between the parties. *See Great American Insurance Co. v. North Austin Mun. Util. Dist. #1*, 908 S.W.2d 415, 418 (Tex. 1995); *Crim Truck & Tractor Co. v. Navistar Int'l Transp. Corp.*, 823 S.W.2d 591, 594 (Tex. 1992). Further, the district court properly granted summary judgment on First Overton's tort claims because as a matter of law, First Overton did not suffer damages to support its fraud claim, nor has First Overton alleged any distinct actual damages independent of economic loss resulting from the alleged breach of contract. *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991).

Further, we find no error in the district court's conclusion that Texas Rule of Civil Procedure 11 bars the enforcement of the parties' attempt at settlement, because no written settlement agreement was filed with the court nor was a stipulation made in open court as required by the rule. As the court found, the parties did not agree on a written settlement agreement.

Finally, the district court's interpretation of the parties' letter agreement correctly calculates the allocation of profits between the parties. The Letter Agreement dated July 13, 1993 states that Midwest Partnership will pay Midwest and First Overton an acquisition fee "equal to 50% of the aggregate Profits (as defined the Partnership Agreement) which exceed a 30% *annualized* rate of return on the Initial Capital Contribution (as

defined in the Partnership Agreement) of the Limited Partners (as defined in the Partnership Agreement)." The starting date for calculating the 30% annualized rate of return is the initial capital contribution, which, as defined by the Partnership Agreement, relates to the actual contribution of a partner to the partnership. As the district court found, the summary judgment evidence showed that initial capital contributions were all made by May 26, 1993, the date the Partnership Agreement was executed. Contrary to appellant's brief, First Overton submitted only speculation to support its position that initial capital contributions were not made by that date. This is the only date that makes sense of the entirety of the reimbursement provision.

For all these reasons, the judgment of the district court is **AFFIRMED**.